Spense 712



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Bee Co.

Honorable O. Kennedy
County Attorney, Bee County
Beeville, Texas

Dear Sir:

Opinion No. O-2959

Re: Whether an independent
school district may employ
a layman to collect taxes
for a percentage of the
collections.

In your letter of December 7, 1940, you request an opinion as to whether or not an independent school district may legally contract with a layman for the latter to collect its delinquent taxes, out of court, for a percentage of the taxes collected. We assume that your question concerns an independent school district created under general law and that you have reference to someone not appointed tax assessor and collector under authority of Article 2791, Revised Civil Statutes.

Article 7343, Revised Civil Statutes, reads as follows:

"In any incorporated city or town in which any tracts, lots, outlots or blocks of land, situated within the corporate limits of said city or town have been returned delinquent, or reported sold to said city or town for the taxes due thereon, the governing body may prepare or cause to be prepared lists of delinquents in the same manner as provided in this chapter, and such lists shall be certified to as correct by the mayor of said city or town, if any, and if said city or town has no mayor, by the presiding officer of the governing body. After said lists have been properly certified to, the governing body of the city may cause lists of delinquents to be published in a newspaper as provided for State and county delinquent taxes in this law. When twenty days from the date of last publication of said list or lists of delinquents has elapsed, the governing body of the city or town may direct the

Honorable O. Kennedy, page 2

city attorney to file suits for collection of said taxes, or said governing body may employ some other attorney of the county to file suits and the city attorney or other attorney filing said suits shall be entitled to the same fees as allowed the county attorney or district attorney in suits for collection of State and county taxes, to be taxed as costs in the suit. Independent school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above prescribed for the mayor or other presiding officer. The school board may, when the delinquent tax lists and records are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits. If the school board instructs the county attorney to file said suits and he fails or refuses to do so within sixty days the school board may employ some other attorney of the county to file suit. The county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the same fees as provided by law in suits for State and county taxes. No, other county officer shall receive any fees unless services are actually performed, and in that event he shall only receive such fees as are now allowed him by law for similar services in civil suits. The employment of an attorney to file suit for taxes for cities, towns or independent school districts shall authorize said attorney to file said suits, swear to the petitions and perform such other acts as are necessary in the collection of said taxes.

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable,"

We have express statutory authority for the appointment of a district tax assessor and collector and the payment to him of a percentage of collections not exceeding four per cent as his

Honorable O. Kennedy, page 3

compensation. Article 2791, Revised Civil Statutes. Or, the district may require the county assessor and collector to act as such for the district, receiving one per cent respectively for assessing and collecting the taxes. Article 2792, Revised Civil Statutes. And Articles 7335, Revised Civil Statutes, and 7335a, Vernon's Civil Statutes, authorizing the employment of an attorney to enforce or assist in the enforcement of delinquent taxes for a percentage of collections not exceeding fifteen are available to independent school districts. Bell vs. Mansfield Independent School District, 189 S. W. (2d) 629, Supreme Court.

In view of the provisions contained in the last paragraph of Article 7343, Revised Civil Statutes, decisions and rulings concerning the power of commissioners' courts to make contracts for the collection of delinquent State and county taxes are pertinent to your inquiry. In our Opinion No. O-197, we held that a commissioners' court could not make a valid contract with a person not a lawyer embodying an obligation on the part of such person to perform all the services contemplated by Article 7335, the filing and prosecution of suits, etc., and in our Conference Opinion No. 3064 we held that such a contract could not lawfully be made between a county as "first party" and two persons, one a licensed attorney and the other not, as "second party." We now express the further view that only a licensed attorney may be employed under the authority of Article 7335, except as to obtaining abstracts. Our reasons are several: (1) The statute only authorizes the contract to be made with a "competent attorney" and he is subsequently spoken of as "the attorney with whom such contract has been made." (2) The contract may be made only after notice to the county attorney and failure on his part to take sufficient action, evidencing an intent to authorize employment of someone to perform the services declined to be given by the county attorney. Notice is not required to be given the collector. (3) Other than as to having abstracts made, the services therein authorized to be contracted are predominantly - if not altogether - legal services. (4) During the period of time, 1905 to 1915, the statute, Art. 7707, Revised Civil Statutes of 1911, provided for a contract to be made with "any person" to collect delinquent State and county taxes for a maximum compensation of ten per cent "except

Honorable O. Kennedy, page 4

in case of absolute necessity to employ an attorney," etc. The present statute enacted in 1923, as already noted, simply authorizes the contract to be made with a "competent attorney," instead of employing the language of the prior statute.

Amid the express provisions thus made for the collection of taxes, and none of which embrace the authority to make such contracts with non-attorneys, may such power be implied? In our opinion, no.

It seems plain to us that it is a part of the tax collector's duty, as well as his privilege, to collect delinquent taxes. In view of the statutes mentioned above providing for a tax collector and his compensation, we do not believe the trustees of the district can relieve the collector of his duty or deprive him of the commissions which he would earn upon collecting such delinquent taxes. In effect, such action by the trustees would be a repeal in part of the laws fixing the duties and compensation of the tax collector.

From Easterwood vs. Henderson County, 62 S. W. (2d) 85, Commission of Appeals, we quote:

"The power to provide for the collection of delinquent taxes, and prescribe the compensation to be paid for services rendered in that respect, resides exclusively in the Legislature. Under this power, the commissioners' court of a county may be granted authority to make binding contracts looking to the collection of delinquent taxes, and to the payment of a part of the collections, as compensation for services performed in that respect. Cherokee County v. Odom, 118 Tex. 288, 15 S. W. (2d) 538; Commissioners' Court v. Wallace, 118 Tex. 279, 15 S. W. (2d) 535. Except as given by statute, a commissioners' court is powerless to contract in the respects mentioned. * * *"

We take the following from the opinion of the Supreme Court in White vs. McGill, 114 S. W. (2d) 860:

"4. The Legislature has the sole power to provide for the collection of delinquent taxes and to fix the compensation to be paid for such services. It is also true that the commissioners' courts derive their power to execute contracts with respect to the collection of delinquent taxes exclusively from the statutes. Easterwood v. Henderson, County, Tex. Com. App., 62 S. W. (2d) 65."

Honorable O. Kennedy, page 5

There being no express authority to make the contract under consideration with a non-attorney, and there being statutes expressly providing for collectors and collecting attorneys, we do not believe there is room for another by implication. We have considered the cases of Slimp vs. Wise County, 96 S. W. (2d) 537, and Rusk County vs. Maloney, 38 S. W. (2d) 868, writs of error refused, and we are aware of some conflict between our holding and some of the language in those cases. But, in both of them there were elements of estoppel entering into the court's consideration. The court in the Slimp case quoted at length from and relied largely on the Maloney case. And the opinion in the latter case in turn relied strongly on Bailey vs. Aransas County, 102 S. W. 1159, and Von Rosenberg vs. Lovett, 173 S. W. 508. However, the Bailey case arose during the life of the above mentioned Article 7707, Civil Statutes of 1911, (Sec. 6, c. 130, p. 319, Acts 39th Leg.) which expressly authorized the employment. And, the Von Rosenberg case involved the authority of the commissioners' court to employ persons to discover and place on the assessment rolls omitted personal property. The court expressed the opinion that it was not the duty of the assessor to perform such service, but that if he was under such duty then "the commissioners' court had express authority to make the contract -- by virtue of Article 7560, R. S., wherein the commissioners' courts are authorized, in the event the assessor fails to perform any of the duties required of him by law, to employ some other person to perform such duties."

From the opinion of the Galveston Court of Civil Appeals in Marquart vs. Harris County, 117 S. W. (2d) 484, we quote:

"(5) While the Commissioners' Court may validly employ 'skilled experts' to value for taxation purposes property in special instances, where technical equipment is required, since this contract - by its express terms - embraces a valuation of the entire taxable property of Harris County, as reflected by its tax records, it necessarily supersedes the powers, duties, and functions of the tax assessor and collector, and since those duties are devolved by law upon him, such an attempted employment by that body of other persons to, in the first instance, perform such duties instead, is an expenditure of public funds for an unauthorized purpose. * * *"

Honorable O. Kennedy, page 6

The case of Stringer vs. Franklin County, 123 S. W. 1168, by the Texarkana Court of Civil Appeals, closely supports our conclusion. We base our opinion upon it, and the Marquart, McGill and Easterwood cases, supra, and what appeals to us as being the better reasoning. Such contracts must find authority in the Statutes. Article 7335 authorizes a contract for the collection of delinquent taxes for a per cent to be made with only an attorney. Hence, there is no authority to make such a contract with any other. Our answer to your question therefore is a negative one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:EP

APPROVED DEC 18, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

